UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE BOARD OF TRUSTEES OF THE UNITED
FURNITURE WORKERS PENSION FUND A,

                Plaintiff,

     -against-

ROBERT LONGO, INC.,

                Defendant.
-------------------------------------------------------------------x

Civil Action No.

# COMPLAINT

1. This is an action by the Board of Trustees of the United Furniture Workers Pension Fund A (the "Plan") as a fiduciary of the Plan, on behalf of the Plan, to collect from defendant Robert Longo, Inc. ("RLI") unpaid withdrawal liability owed to the Plan by Vitobob Furniture, Inc. ("Vitobob Furniture"), the defendant in *The Board of Trustees of the United Furniture Workers Pension Fund A v. Vitobob Furniture, Inc.*, 1:19-CV-02708-LDH-JO (the "Action"), which is a related case filed by the Plan on May 8, 2019, and a member of RLI's controlled group of employers as defined in Title IV of ERISA as of the date Vitobob Furniture ceased to have an obligation to contribute to the Plan. Plaintiff seeks payment of unpaid withdrawal liability, interest on that unpaid amount, liquidated damages as provided by law, and the attorneys' fees and costs of this action from defendant RLI, and such other and further legal and equitable relief as this Court deems appropriate.

## Jurisdiction and Venue

2. This Court has jurisdiction over the subject matter of this action pursuant to Sections 502(e)(l), 502(f) and 4301(c) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1132(e)(1), 1132(f) and 1451(c), in that this is an action by a fiduciary of the Plan to compel an employer to pay withdrawal liability pursuant to ERISA §§ 515 and 4301(b), 29 U.S.C. §§ 1145 and 1451(b).

3. Venue is based on the district in which the defendant resides and has done business, the Eastern District of New York, pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## Parties

4. The Board of Trustees of the Plan ("Pension Plan Board") is a fiduciary of the Plan.

5. The Plan is an "employee pension benefit plan" within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), in that it was established by an employee organization, and it is maintained for the purpose of providing its participants and beneficiaries with retirement income.

6. The Plan is a "multi-employer plan" within the meaning of ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A), and ERISA § 4001(a)(3), 29 U.S.C. § 1301(a)(3), in that more than one employer is required to contribute to the Plan, and the Plan is maintained pursuant to collective bargaining agreements between one or more employee organizations and more than one employer.

7. The Pension Plan Board is the sponsor of the Plan within the meaning of ERISA § 4001(a)(10), 29 U.S.C. § 1301(a)(10).

8. The Plan is administered in Nashville, Tennessee.

9. Vitobob Furniture was a New York corporation that operated a furniture manufacturing facility at 38-79 13th Street, Long Island City, New York and was an "employer" under ERISA § 3(5), 29 U.S.C. § 1002(5).

10. Upon information and belief, at all relevant times, Robert Longo and/or his spouse owned a controlling interest in Vitobob Furniture within the meaning of ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

**Vitobob Furniture's Obligation to Make Contributions to the Plan**

11. Amalgamated Industrial Union Local 76B, a division of the IUE-CWA, AFL-CIO, (the "Union") and Vitobob Furniture entered into a collective bargaining agreement for the period September 1, 2007 through August 31, 2010, and continuing from year to year thereafter unless terminated by written notice at least 60 days prior to expiration (the "CBA"). The CBA covered all employees of Vitobob Furniture engaged in the manufacture and assembly of furniture (and related work), excluding clerical, sales, executive and supervisory employees, and required Vitobob Furniture to make contributions to the Plan for work performed by covered employees.

12. The Plan was established and is governed by an Agreement and Declaration of Trust adopted as of October 10, 1962, and as amended from time to time since then (the "Trust Agreement").

13. The Trust Agreement provides that delinquent contributing employers shall be liable to the Plan for interest on the amount of delinquent contributions due and owing at a rate of one (1) percent per month of delinquency, or the prevailing prime rate of interest plus two (2) percentage points per annum, whichever is greater, and for liquidated damages in

3

an amount equal to twenty percent (20%) of the unpaid contributions, as well as the Plan's attorneys' fees and costs.

### RLI Was a Trade or Business under Common Control with Vitobob Furniture

14. Upon information and belief, RLI is a New York corporation that owns or owned the real properties and the buildings at 38-72 13th Street, long Island City, New York and 38-79 13th Street, Long Island City, New York ("Premises").

15. Upon information and belief, at all relevant times, Robert Longo and/or his spouse owned a controlling interest in RLI within the meaning of ERISA §4001(b)(1), 29 U.S.C.§1301(b) (1).

16. Upon information and belief, at all relevant times, RLI leased the Premises, or portions thereof, to Vitobob Furniture in connection with Vitobob Furniture's furniture manufacturing operations.

17. Upon information and belief, at all relevant times, Vitobob Furniture and RLI were trades or businesses under common control and constituted the same "employer" with respect to the Plan under Title IV of ERISA.

### CLAIM FOR RELIEF: COLLECTION OF UNPAID WITHDRAWAL LIABILITY

18. The Plan repeats and realleges each of the allegations contained in paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19. By letter dated November 2, 2018, the Plan notified Vitobob Furniture that the Plan had determined that Vitobob Furniture had permanently ceased to have an obligation to contribute to the Plan in the Plan fiscal year beginning March 1, 2018.

20. The Plan determined that Vitobob Furniture's withdrawal liability to the Plan is $238,080 payable in 80 quarterly payments of $2,976, with the first payment due and payable to the Plan on or before January 1, 2019.

21. The Plan's notice of assessment of withdrawal liability to Vitobob Furniture was notice to every member of the Vitobob Furniture controlled group, including RLI (the "Vitobob Controlled Group").

22. By letter dated February 27, 2019, the Plan notified Vitobob Furniture (and the Vitobob Controlled Group) that it had failed to make the first installment of its withdrawal liability payment obligation and that if this delinquency was not cured within 60 days (by April 28, 2019), the full withdrawal liability shall be accelerated.

23. Neither Vitobob Furniture nor any member of the Vitobob Controlled Group, including RLI, has made any of the required installment payments or sought to timely arbitrate the withdrawal liability assessment as required under ERISA Section 4221, 29 U.S.C. §1401.

24. Having failed to arbitrate any issue after receiving the assessment from the Plan, Vitobob Furniture and every member of the Vitobob Controlled Group, including RLI, have waived their right to challenge the assessed withdrawal liability.

25. Since Vitobob Furniture failed to make any of the required installment payments on the withdrawal liability owed to the Plan, and failed to cure this deficiency upon notice from the Plan, the entire withdrawal liability due and owing by Vitobob Furniture to the Plan has been accelerated pursuant to ERISA Section 4219(c)(5), 29 U.S.C. §1399(c)(5).

26. On May 8, 2019, Plaintiff commenced the Action in this Court seeking to collect, pursuant to ERISA §§ 502(g) and 4301(b), 29 U.S.C. §§ 1132(g) and 1451(b), the entire withdrawal liability due and owing by Vitobob Furniture to the Plan.

27. Plaintiff caused Vitobob Furniture to be duly served with the Summons and Complaint in that action.

28. Vitobob Furniture failed to enter an appearance in the case.

29. On July 10, 2019, the Clerk of the Court filed an entry of Default by Vitobob Furniture (Docket #8).

30. The Plan filed a Motion for a Default Judgment on September 10, 2019 (Docket #9-10). That motion is still pending.

31. In addition, or as an alternative, to seeking recovery from Vitobob Furniture, the Plan is entitled to payment from RLI of the entire unpaid balance of the assessed withdrawal liability in the amount of $238,080, as well as interest at a rate of one (1) percent per month of delinquency from January 1, 2019 through the date judgment is entered; liquidated damages equal to $47,616 (20% of the unpaid balance of the assessed withdrawal liability); and the Plan's reasonable attorneys fees' and costs incurred in this action.

WHEREFORE, Plaintiff demands that judgment be entered:

1. Awarding to the Plan pursuant to ERISA §§ 502(g) and 4301(b), 29 U.S.C. §§ 1132(g) and 1451(b), against RLI:

    a. Unpaid withdrawal liability in the amount of $238,080.00; and

    b. interest on the withdrawal liability at a rate of one (1) percent per month of delinquency from January 1, 2019, through the date judgment is entered; and

6

601163397.4

        c.      liquidated damages equal to $47,626 (which is 20% of $238,080): and

        d.      the reasonable attorneys' fees and costs of this action incurred by the Plan.

    2.    Granting to the Plan such other and further relief as the Court deems appropriate.

New York, New York
October 10, 2019

                Respectfully submitted,

                BRYAN CAVE LEIGHTON PAISNER LLP

                By:  */s/ Laurie Belony*
                      Jay P. Warren
                      Laurie Belony
                1290 Avenue of the Americas
                New York, New York 10104
                212-541-2000 (phone)
                jpwarren@bclplaw.com
                laurie.belony@bclplaw.com
                *Attorneys for Plaintiff*